UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| GERALD JONES, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | 4:22-cv-40026-JDL |
| | ) | |
| | ) | |
| SHERIFF ANDREW EVANGELIDAS, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2241 PETITION**

Petitioner, pursuant to 28 U.S.C. § 2241, seeks relief from pretrial custody on criminal charges in state court. (Petition, ECF No. 1.) According to Rule 4 of the Rules Governing Section 2254 Cases (i.e., habeas cases), upon the filing of a petition, the Court must conduct a preliminary review of the petition, and "must dismiss" the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[1]

Following a preliminary review of the habeas corpus petition, I recommend the Court dismiss the petition.

---

[1] Because Petitioner is not in custody pursuant to a state court judgment, it is § 2241, rather than § 2254, that covers the petition here. However, "the § 2254 rules specifically state that they may be applied by the district court to other habeas petitions." *Bramson v. Winn*, 136 F. App'x 380, 382 (1st Cir. 2005) (citing Rule 1(b) of the Rules Governing § 2254 Cases); *see also*, *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face. . .").

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In December 2020, Petitioner was evidently indicted on charges in state court, and a cash bail was set at his arraignment in January 2021. (Attachment to First Habeas Petition at 5–6, 1:21-cv-11704-JDL, ECF No. 7.) Petitioner was released in February 2021 on the conditions that he wear a GPS monitor and complete a post-detox substance abuse program. (*Id.* at 6.) The probation office later issued a notice of violation of the conditions of pretrial release, and in April 2021, Petitioner's bail was revoked. (*Id.* at 6–7.)

In October 2021, Petitioner filed a complaint in federal court, pursuant to 42 U.S.C. § 1983, alleging racial discrimination and misconduct by numerous law enforcement officers, judges, and attorneys, (Complaint, 1:21-cv-11704-JDL, ECF No. 1), and filed a petition for a writ of habeas corpus based on jaw pain and difficulties securing his right to appointed counsel. (First Habeas Petition, 1:21-cv-11704-JDL, ECF No. 7.) On March 1, 2022, the Court dismissed the complaint and petition for several reasons, including the doctrine of abstention outlined in *Younger v. Harris*, 401 U.S. 37 (1971). (Order, 1:21-cv-11704-JDL, ECF No. 27.)

On March 14, 2022, Petitioner filed in federal court another petition for a writ of habeas corpus. (Petition, ECF No. 1.)

**DISCUSSION**

Challenging the revocation of his bail, Petitioner claims (1) he completed the substance abuse program, contrary to the conclusion of the state courts, (2) "the Commonwealth has never presented any documented evidence to validate any of their claims" regarding violations of the terms of his release, and (3) the Commonwealth is

confining Petitioner "based [on] hearsay and perjury and fraud on the Court." (Petition at 3–5.) Petitioner alleges three previous attorneys provided ineffective assistance of counsel before resolution of his civil complaint and his prior habeas corpus petition, and a fourth attorney abandoned him on March 2, 2022, the day after the Court dismissed his civil action and prior petition. (*Id.* at 6–8.)

Petitioner disputes the state courts' determinations regarding the adequacy of counsel and the difficulties in obtaining new counsel due to conflicts of interest following Petitioner's prior lawsuits against multiple attorneys. (*Id.* at 7; Attachment to First Habeas Petition at 8 n.1, 1:21-cv-11704-JDL, ECF No. 7 (noting that the state court clerk's office made significant efforts to find a lawyer despite conflicts of interest because "the defendant has sued most of the lawyers who are immediately available, including those at the Committee for Pubic Counsel . . ."); Complaint, 1:21-cv-11704-JDL, ECF No. 1 (naming many attorneys as defendants)).

Although the prior habeas corpus petition focused on Petitioner's jaw pain, he also disputed his bail revocation and cited the performance and withdrawal of his previous attorneys. (First Habeas Petition at 2.) Because Petitioner raised essentially the same claims in his prior petition, and to the extent that he did not do so, he could have done so, the new habeas corpus petition would conceivably be barred by the abuse-of-the-writ doctrine because he has not established cause to excuse his default and prejudice from a violation of federal law. *See Queen v. Miner*, 530 F.3d 253, 255 (3d Cir. 2008) (noting that "the abuse-of-the-writ doctrine applies to section 2241 petitions" and therefore concluding that "a petitioner may not raise new claims that could have been resolved in a

previous action") (citing *McCleskey v. Zant*, 499 U.S. 467, 483–86 (1991)); *Skinner v. Louisiana*, No. CIV.A. 13-5873, 2014 WL 880623, at *1 (E.D. La. Mar. 5, 2014) (concluding that a second § 2241 petition challenging pretrial confinement was barred as an abuse of the writ because the facts underlying the claims were known the at the time that he filed his first pretrial habeas petition).

However, because the Court dismissed the prior complaint and petition based on several grounds, including abstention from the exercise of jurisdiction, the bar against second or successive petitions under the abuse-of-the-writ doctrine might not apply.  *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000) ("a habeas petition which is filed after an initial petition was dismissed without adjudication on the merits . . . is not a 'second or successive' petition as that term is understood in the habeas corpus context"); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996) (noting that dismissal for lack of subject-matter jurisdiction is not on the merits).

Even assuming that Petitioner's claims are not barred by the abuse-of-the-writ doctrine, similar obstacles remain. The doctrine of *Younger* abstention generally "preclude[s] federal intrusion into ongoing state criminal prosecutions." *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013). The elements of mandatory abstention consist of the following: "(1) the [state] proceedings are judicial (as opposed to legislative) in nature; (2) they implicate important state interests; and (3) they provide an adequate opportunity to raise federal constitutional challenges."  *Bettencourt v. Bd. of Registration in Med. of Commonwealth of Mass.*, 904 F.2d 772, 777 (1st Cir. 1990).

Petitioner seeks release from confinement in the midst of proceedings that are judicial in nature, implicate important state interests associated with the State's administration of its laws, and the record lacks any evidence to suggest that the state court system does not afford Petitioner an adequate opportunity to raise federal constitutional challenges. Abstention, therefore, is presumptively appropriate. *See, e.g.*, *Brown v. Thomas*, No. CV415-052, 2015 WL 9976939, at *2 (S.D. Ga. Aug. 31, 2015) (applying *Younger* abstention to pretrial petition in part because "[c]laims of ineffective assistance of counsel are routine and incidental to criminal proceedings" which can only be brought after the state process is complete). The petition contains conclusory allegations of bad faith, but Petitioner has not provided any factual support for the allegations and has not plausibly alleged any other extraordinary circumstances that would justify federal intervention at this stage.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases. I recommend the Court dismiss Petitioner's petition for habeas relief under 28 U.S.C. § 2241, and that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

      Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

                                       /s/ John C. Nivison
                                       U.S. Magistrate Judge

Dated this 31st day of March, 2022.